EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
STEVEN G. WARNER, State Bar No. 239269
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5747
 Fax: (415) 703-5843
 Email: Steven.Warner@doj.ca.gov

Attorneys for Respondent Warden Robert L. Ayers, Jr.
SF2008200037

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID BAKER,<br><br>          Petitioner,<br><br>     v.<br><br>BEN CURRY, WARDEN,<br><br>          Respondent. | Case No. C 07-5438 SBA (PR)<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Saundra B. Armstrong |

TO PETITIONER DAVID BAKER, IN PRO PER,

PLEASE TAKE NOTICE that Respondent Robert L. Ayers, Jr., Warden at San Quentin State Prison, moves this Court to dismiss the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the grounds that Baker does not have standing to bring this petition and has not sufficiently pled his claim. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Baker, a San Quentin State Prison inmate convicted of first-degree murder with firearm use, represents himself in this habeas corpus action. (Pet. 2, 7.) Baker alleges that the Board of Parole Hearings unconstitutionally found him unsuitable for parole at a parole consideration hearing. (Pet. 6.) However, Baker does not specify which hearing he challenges in his petition. Thus, this Court should dismiss Baker's petition.

### ARGUMENT

### I.

### BAKER'S VAGUE AND CONCLUSORY CLAIMS DO NOT ESTABLISH STANDING OR ENTITLEMENT TO HABEAS RELIEF BECAUSE HE DOES NOT SPECIFY WHICH PAROLE CONSIDERATION HEARING HE CHALLENGES.

Baker does not allege his claims with sufficient specificity to establish standing or to warrant habeas relief. In order to satisfy the standing requirement of Article III of the Constitution, Baker "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Additionally, Baker has the burden of proving his constitutional claims. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005). Baker must allege specific facts in support of his claims; conclusory allegations do not state a basis for habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also* Rules Governing § 2254 Cases, Rule 2(c)(2) (requiring petitioner to state the facts supporting each ground). A federal habeas petitioner can easily satisfy his burden of standing and alleging particular facts by simply providing the date of the parole consideration hearing he challenges. *Cf. Baldwin v. Reese*, 541 U.S. 27, 32 (noting that a federal habeas petitioner could easily indicate he is raising a federal claim by citing the federal source of law on which he relies or by simply labeling the claim "federal").

Here, Baker does not satisfy his burden of establishing standing or entitlement to habeas relief because he does not identify which parole consideration hearing he challenges. *Williams v.*

1 | *Knowles*, No. CIV S-03-0919 LKK GGH P, slip op. at 2 (E.D. Cal. July 13, 2004) [copy included
2 | as Ex. 1]. Baker alleges three grounds for relief regarding his parole consideration hearing, but
3 | he fails to indicate which parole consideration hearing he challenges. (Pet. 6.) Furthermore,
4 | Baker does not attach a parole consideration hearing transcript to his petition. Baker's
5 | contentions do not convey standing to Baker because he does not identify any specific conduct by
6 | the Board: namely, a decision to deny parole at a specific parole consideration hearing.

7 | Moreover, Baker's attachment of a California Supreme Court denial to his petition does not
8 | satisfy his burden of identifying which hearing he is challenging. *See Reese*, 541 U.S. at 32
9 | (holding that a federal habeas petitioner does not fairly present his federal claim if the district
10 | court must read beyond the petition or brief to determine that he is in fact alleging a federal
11 | claim). The attached California Supreme Court summary denial does not even indicate whether
12 | that case concerned a parole denial, much less which parole denial would have been challenged.
13 | Similarly, because Baker does not identify which hearing he challenges here, Respondent could
14 | not confirm if the hearing Baker challenged in the petition resulting in the attached California
15 | Supreme Court denial is the same hearing Baker challenges in this petition. Thus, Respondent
16 | cannot determine if Baker has exhausted his state court remedies before filing this petition.
17 | Baker has not met his burden of establishing his claim because it is unclear which hearing Baker
18 | challenges, and as a result Respondent cannot identify and review the documents necessary to
19 | respond to his petition. Accordingly, this Court should dismiss the petition for lack of standing
20 | and failure to allege specific facts warranting habeas relief.
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

## CONCLUSION

Baker's claims are too vague and conclusory to establish standing or entitlement to habeas relief because he does not identify which parole consideration hearing he challenges. Therefore, this Court should dismiss the petition.

Dated: September 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

20137355.wpd

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.

*Baker v. Curry*
Case No. C 07-5438 SBA (PR)

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **David Baker v. Ben Curry, Warden**

Case No.:    U. S. D. C., N. D., Oakland Div., C 07-5438 SBA (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 9, 2008**, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBIT 1**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**David Baker, E-15715**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 9, 2008**, at San Francisco, California.

|                       |                   |
|-----------------------|-------------------|
| J. Baker              | *(signature)*     |
| Declarant             | Signature         |

20141402.wpd