Case 4:07-cv-05438-SBA    Document 5-2    Filed 09/09/2008    Page 1 of 4

# EXHIBIT 1

**FILED**

JUL 1 3 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABE WILLIAMS, JR.,

    Petitioner,                    No. CIV S-03-0919 LKK GGH P

    vs.

M.L. KNOWLES, Warden, et al.,

    Respondents.                   ORDER
_____/

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed May 5, 2003. Petitioner raises the following claims: 1) he was not paroled on the date of his maximum eligible (MAX) parole date as required by California law; 2) repeated statements by state officials that he would be released on his MAX date created a legally binding expectation that he would be paroled; 3) he was denied parole based on the no-parole policy of former Governor Gray Davis; 4) the Board of Prison Terms (BPT) relied on false information in finding him ineligible for parole; and 5) Cal. Penal Code § 3041 requires that prisoners be given parole dates at their initial suitability hearings.

    On November 17, 2003, respondent filed a motion to dismiss. Respondent argues that several of the claims should be dismissed for failing to state federal claims. Respondent also

1  argues that the claim alleging the use of false information by the BPT is either unexhausted or
2  barred by the statute of limitations. Respondent also observes that petitioner is not challenging
3  any particular suitability hearing in the petition. Rather, he is generally challenging BPT policies
4  and procedures.
5         Petitioner's claims are properly brought in a habeas corpus action. See
6  McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098-99 (9th Cir. 2004) ("However, assuming
7  that co-plaintiffs have a protected liberty interest in parole eligibility matters, the prospective
8  relief they seek is unattainable in § 1983 proceedings, illustrating why their remedy lies in federal
9  habeas proceedings. Bias on the part of the Governor, the Board and the Attorney General
10 cannot be redressed by an injunction ordering those state officials to comply with state law.").
11        However, because petitioner has failed to link any of his claims to a specific
12 eligibility hearing it is unclear whether he has standing to raise his claims. To meet the standing
13 requirements of Article II of the Constitution, a party "must allege personal injury fairly traceable
14 to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."
15 Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315 (1984). For petitioner to have standing to
16 claim, for example, that he was denied parole pursuant to a no-parole policy he must identify the
17 hearing where this occurred. Accordingly, the petition is dismissed with leave to file an amended
18 petition challenging a specific parole suitability hearing. Accordingly, respondent's motion to
19 dismiss is vacated.
20        Accordingly, IT IS HEREBY ORDERED that:
21        1. Respondent's November 17, 2003, motion to dismiss is vacated.
22        2. The petition is dismissed with thirty days to file an amended petition; and
23 respondent's response to the amended petition is due thirty days thereafter.
24 DATED: July 12, 2004.
25
26                             GREGORY G. HOLLOWS
                             UNITED STATES MAGISTRATE JUDGE

GGH:kj:bb/will0919.ord

United States District Court
for the
Eastern District of California
July 13, 2004

* * CERTIFICATE OF SERVICE * *

2:03-cv-00919

Williams

v.

Knowles

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on July 13, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Abe Williams Jr
D-48163
MCSP-1
Mule Creek State Prison
PO Box 409000
Ione, CA  95640

Scott C Mather
California Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

VC/GGH

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk